UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY DEAN WEBB,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN MARTEL,<br><br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:11-cv–00260-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION AS SUCCESSIVE PURSUANT TO 28 U.S.C. § 2244(b) (Doc. 1), TO DISMISS PETITIONER'S MOTION FOR RECONSIDERATION AS MOOT (Doc. 4), AND TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>**OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS** |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on February 15, 2011.

　　　I.　Screening the Petition

　　　Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. <u>Background</u>

Petitioner is an inmate of the Mule Creek State Prison who is serving a sentence of twenty-five (25) years to life for a conviction of forgery sustained on January 22, 1998, in the Kings County Superior Court. (Pet. 1.) The sentence was enhanced pursuant to Cal. Pen. code § 667(e) for prior convictions that were apparently sustained in 1984 in Kern County. (Pet. 4.)

Petitioner raises the following claims:  1) the prior convictions used to enhance his 1998 sentence were actually a single prior conviction pursuant to Petitioner's plea agreement in the 1984 case; 2) the Court should accept new evidence concerning the prior convictions that was not available on June 1, 2007; 3) Petitioner was deprived of the benefit of his 1984 plea agreement; and 4) Petitioner's counsel in the 1998 case was ineffective in failing to investigate Petitioner's criminal history and in advising Petitioner to admit a "strike" that he did not have.  (Pet. 4-6.)

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. Petitioner admits that this Court was the last court to hear his issue.  (Pet. 8.)  However, he argues that he has discovered new evidence that was not discoverable through the exercise of due diligence.  (Pet. 12.)

The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

On November 27, 2001, a habeas petition challenging Petitioner's Kings County conviction and sentence was denied on the merits by this Court in Gary Dean Webb v. J. McGrath, no. CIV F-00-7059 HGB P.  (Docs. 21, 1-11; 22.)  The Court entered judgment for the Respondent.  (Doc. 22.)

III.   Successive Petition

Because the petition was filed after April 24, 1996, the

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application

4

unless the Court of Appeals has given Petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

A disposition is "on the merits" if the district court either considered and rejected the claim, or determined that the underlying claim would not be considered by a federal court. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

Here, the first petition concerning the Kings County judgment was denied on the merits. Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under section 2254 and must dismiss the petition. See, Felker v. Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v. Calderon, 274 F.3d 1270, 1274. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

Accordingly, it will be recommended that the petition be dismissed.

IV.   Motion for Reconsideration

On February 15, 2011, Petitioner filed a motion for reconsideration in the present proceeding, in which Petitioner seeks to have this Court reconsider the merits of his claims

5

concerning his Kings County conviction and sentence. (Doc. 4.)

In view of the absence of jurisdiction over the petition, it will be recommended that the motion for reconsideration be dismissed as moot.

V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason. Miller-El v. Cockrell, 537

6

1  U.S. at 336-37.  It is necessary for an applicant to show more
2  than an absence of frivolity or the existence of mere good faith;
3  however, it is not necessary for an applicant to show that the
4  appeal will succeed.  Id. at 338.
5      A district court must issue or deny a certificate of
6  appealability when it enters a final order adverse to the
7  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.
8      Here, Petitioner has not demonstrated that jurists of reason
9  would find it debatable whether or not the petition states a
10 valid claim of the denial of a constitutional right.  Petitioner
11 has not made the substantial showing required for issuance of a
12 certificate of appealability.  It will, therefore, be recommended
13 that the Court decline to issue a certificate of appealability.
14     VI.  Recommendations
15     Accordingly, it is RECOMMENDED that:
16     1)  The petition be DISMISSED as successive; and
17     2)  Petitioner's motion for reconsideration be DISMISSED as
18 moot; and
19     3)  The Court DECLINE to issue a certificate of
20 appealability; and
21     3) The Clerk be DIRECTED to close this action because
22 dismissal will terminate the action.
23     These findings and recommendations are submitted to the
24 United States District Court Judge assigned to the case, pursuant
25 to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
26 the Local Rules of Practice for the United States District Court,
27 Eastern District of California.  Within thirty (30) days after
28 being served with a copy, any party may file written objections

7

1 with the Court and serve a copy on all parties.  Such a document
2 should be captioned "Objections to Magistrate Judge's Findings
3 and Recommendations."  Replies to the objections shall be served
4 and filed within fourteen (14) days (plus three (3) days if
5 served by mail) after service of the objections.  The Court will
6 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
7 636 (b)(1)(C).  The parties are advised that failure to file
8 objections within the specified time may waive the right to
9 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
10 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:   February 23, 2011**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE